UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------- X
**OCTAVIO JORGE PEREIRA** on behalf of himself and all others similarly situated,

                          Plaintiff,

  -against-

**PIZZA PARAMUS, INC. d/b/a Mangiamo Pizza Restaurant; HANI GHOBRIAL,** an individual; **SAMEH GHOBRIAL**, an individual; **JOHN DOES 1-5 and ABC CORPS. 1-5.**

                          Defendants.
---------------------------------------------------------------------- X

**CIVIL CASE NO.**

**COLLECTIVE AND CLASS ACTION**

**COMPLAINT**

Plaintiff Octavio Jorge Pereira ("plaintiff") individually and on behalf of all others similarly situated, through his undersigned attorney, for his Collective and Class Action Complaint against defendants Pizza Paramus, Inc. d/b/a Mangiamo Pizza Restaurant ("Mangiamo"), Hani Ghobrial ("Hani"), Sameh Ghobrial ("Sameh"), John Does 1-5 and ABC Corps 1-5 (collectively the "defendants") alleges upon actual knowledge as to himself and, as to all other matters, alleges upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action to recover unpaid overtime wages and all available relief pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, et seq. for defendants' failure to pay their employees the full amount of wages due. Plaintiff seeks damages on his own behalf and on behalf of all others similarly situated.

2. Mangiamo sells pizza and other food items, such as salads, sandwiches and pasta, and offers catering, dine-in and delivery options.

3. Plaintiff brings this action pursuant to the FLSA and NJWHL on behalf of himself and other non-tipped, non-exempt Mangiamo restaurant employees, including Chefs, Cooks, Salad Preparers, Food Preparers, Pizza Makers and Dishwashers ("restaurant workers").

4. Defendants maintained a policy and practice that denied restaurant workers the appropriate overtime compensation pursuant to the FLSA and NJWHL for hours worked in excess of 40 hours per workweek.

5. Plaintiff seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest and declaratory relief against defendants' unlawful actions, and attorneys' fees and costs pursuant to the FLSA and NJWHL on behalf of himself and similarly situated restaurant workers.

## JURISDICTION

6. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NJWHL pursuant to 28 U.S.C. § 1367.

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## VENUE

8. Venue is proper in the District of New Jersey under 28 U.S.C. § 1391 because a substantial part of the conduct alleged herein occurred in this judicial district. In addition, plaintiff and defendants reside in this district.

## THE PARTIES

**Plaintiff**

9. Plaintiff Octavio Jorge Pereira is a resident of Passaic County, New Jersey.

10. Pereira was employed most recently as a salad preparer by Mangiamo from on or about January 1, 2015 to on or about December 31, 2018.

11. At all relevant times, Pereira was an employee engaged in commerce or the production of goods for commerce on behalf of defendants. In the performance of his duties, Pereira handled goods daily that traveled in interstate commerce, such as supplies and materials used to operate the restaurant and catering business.

12. At all relevant times, Pereira was an employee of defendants within the meaning of the FLSA.

13. At all relevant times, Pereira was an employee of defendants within the meaning of the NJWHL.

14. Pereira has consented to be a party to the FLSA claims in the action pursuant to 29 U.S.C. §216(b).

**Defendants**

15. Defendant Pizza Paramus, Inc is a New Jersey corporation that owns and does business as Mangiamo Pizza Restaurant, located at 501 Route 17, Paramus, NJ 07652.

16. Mangiamo opened for business in or about 2010.

17. Mangiamo has been at all relevant times an employer engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. For example, supplies and materials that are used daily by Mangiamo are produced outside of the state of New Jersey.

18. At all relevant times, Mangiamo has had an annual gross volume of sales in excess of $500,000.

19. Mangiamo's restaurant workers, including plaintiff, handled and sold goods that have been produced for commerce.

20. Defendant Sameh Ghobrial is an owner of Mangiamo.

21. Defendant Hani Ghobrial is an owner of Mangiamo.

22. Hani Ghobrial and Sameh Ghobrial are brothers.

23. Defendants John Does 1-5 are owners of Mangiamo.

24. Defendants ABC Corps. 1-5 are owners of Mangiamo.

25. Sameh Ghobrial is sued individually in his capacity as principal, managing member and owner of Mangiamo.

26. Hani Ghobrial is sued individually in his capacity as principal, managing member and owner of Mangiamo.

27. Sameh holds the position of President of Pizza Paramus, Inc.

28. Hani holds the position of President of Pizza Paramus, Inc.

29. John Does 1-5 are sued individually in their capacity as owners of Mangiamo.

30. ABC Corps. 1-5 are sued in their capacity as owners of Mangiamo.

31. Sameh was plaintiff's and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Mangiamo operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

32. For example, Sameh had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Mangiamo.

33. Hani was plaintiff's and the restaurant workers' employer under the FLSA and NJWHL because he exercised sufficient operational control and policy-making authority over Mangiamo operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

34. For example, Hani had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Mangiamo.

35. John Does 1-5 were plaintiff's and the restaurant workers' employers under the FLSA and NJWHL because they employed the restaurant workers, exercised sufficient operational control and policy-making authority over Mangiamo operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

36. For example, John Does 1-5 had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Mangiamo.

37. ABC Corps. 1-5 were plaintiff's and the restaurant workers' employers under the FLSA and NJWHL because they employed the restaurant workers, exercised sufficient operational control and policy-making authority over Mangiamo operations, established the restaurant workers' terms and conditions of employment, and created and enforced the method by which the workers' wages were computed and paid.

38. For example, ABC Corps. 1-5 had the power to, and did, hire, fire and discipline employees, establish and implement pay practices, work rules, work assignments, and scheduling, control labor relations, personnel and pay policies and practices, determine wages, pay wages and maintain time and payroll records at Mangiamo.

39. Sameh acted directly or indirectly in the interest of Mangiamo.

40. Hani acted directly or indirectly in the interest of Mangiamo.

41. John Does 1-5 acted directly or indirectly in the interest of Mangiamo.

42. ABC Corps. 1-5 acted directly or indirectly in the interest of Mangiamo.

43. Sameh is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Mangiamo.

44. Hani is personally and jointly and severally liable for the violations of the FLSA and NJWHL by Mangiamo.

45. John Does 1-5 are personally and jointly and severally liable for the violations of the FLSA and NJWHL by Mangiamo.

46. ABC Corps. 1-5 are jointly and severally liable for the violations of the FLSA and NJWHL by Mangiamo.

47. Upon information and belief, Defendants, John Does 1-5 and ABC Corps. 1-5 are individuals or entities whose names and addresses are unknown. These individuals or entities are employers of the plaintiff and those similarly situated within the meaning of the FLSA and NJWHL. They may be liable to plaintiff and those similarly situated but whom plaintiff may not be knowledgeable of.

**COLLECTIVE ACTION ALLEGATIONS**

48. Plaintiff brings the First Claim against defendants as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) on behalf of himself and other similarly situated individuals, which include all other non-tipped, non-exempt restaurant employees, including Chefs, Cooks, Salad Preparers, Food Preparers, Pizza Makers and Dishwashers employed by defendants at Mangiamo at any time three years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

49. The exact number of FLSA Collective members is unknown to plaintiff at this time, but there are believed to be at least 20 such persons who have been victims of defendants'

common policy and practices that have violated their rights under the FLSA by willfully denying them overtime pay and other wages.

50. The identities of the FLSA Collective members are known to the defendants and are contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

51. As part of their regular business practice, defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA.

52. This policy, pattern, or practice includes, *inter alia*, failing to pay overtime at the rate of one and one-half times the FLSA Collective's regular hourly rate for hours worked in excess of 40 in a workweek.

53. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant damage to the FLSA Collective.

54. Defendants did not keep complete records, as required by law, of hours worked and wages earned by plaintiff and the FLSA Collective.

55. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants and are readily identifiable and can be located through defendants' records, which they are required to maintain pursuant to the FLSA and NJWHL. Those similarly situated employees should be notified of and allowed to opt into this action pursuant to 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**

56. Plaintiff brings the Second Claim against defendants as a class action for unpaid overtime on behalf of himself and other employees similarly situated pursuant to Rule 23(b)(2)

and (b)(3) of the Federal Rules of Civil Procedure and pursuant to N.J.S.A. 34:11-56a25. N.J.S.A. 34:11-56a25 provides in pertinent part, "An employee shall be entitled to maintain the action for and on behalf of himself or other employees similarly situated, and such employee and employees may designate an agent or representative to maintain such action for and on behalf of all employees similarly situated."

57. Plaintiff is a member of a class of employees of similarly situated individuals which includes current and former non-tipped, non-exempt restaurant employees, including Chefs, Cooks, Salad Preparers, Food Preparers, Pizza Makers and Dishwashers employed by defendants at Mangiamo at any time, during the period permitted by N.J.S.A. 34:11-56a25.1 prior to the filing of the action through entry of judgment in this action (the "New Jersey Class").

58. The persons in the New Jersey Class are so numerous that joinder of all members is impracticable. Further, N.J.S.A. 34:11-56a25 statutorily provides for a class action, without regard to the number of members, to enforce rights protected by the NJWHL. The exact number of the New Jersey Class members is unknown to plaintiff at this time, but there are believed to be at least 20 such persons.

59. The identities of the New Jersey Class members are known to the defendants and are contained in the employment records that the defendants are required to create and maintain pursuant to the FLSA and NJWHL.

60. Plaintiff is similarly situated to the New Jersey Class because plaintiff and the New Jersey Class performed similar work under similar terms and conditions of employment, and sustained similar damages arising out of defendants' policies and conduct in violation of the NJWHL.

61. The New Jersey Class members work, or have worked, for the defendants in New Jersey as restaurant workers and were not paid New Jersey State mandated overtime pay by the

defendants. They have sustained similar types of damages as a result of defendants' willful failure to comply with the NJWHL and supporting regulations of the New Jersey Department of Labor and Workplace Development ("NJDOL") contained in the New Jersey Administrative Code ("NJAC").

62. Defendants did not keep complete records, as required by law, of hours worked and wages earned by plaintiff and the New Jersey Class.

63. Plaintiff will fairly and adequately protect the interests of the members of the New Jersey Class and has retained counsel competent and experienced in complex class action litigation.

64. Plaintiff has no interests that are contrary to or in conflict with those of the other members of the New Jersey Class.

65. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

66. Common questions of law and fact exist as to all members of the New Jersey Class that predominate over any questions affecting solely individual members. Among the questions of law and fact common to the New Jersey Class are:

> a. whether Defendant violated the NJWHL and the supporting NJDOL regulations; and
>
> b. whether Defendant failed to pay its non-exempt, non-tipped restaurant worker's all overtime wages due at a rate of one-and-one-half-times their regular hourly rate for all hours worked in excess of 40 in a workweek in violation of the NJWHL.

67. Defendant has acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate relief with respect to the New Jersey Class as a whole.

68. A class action pursuant to N.J.S.A. 34:11-56a25 is superior to other available methods for the fair and efficient adjudication of this controversy. Since damages suffered by

individual New Jersey Class members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for plaintiff and the New Jersey Class members to individually seek redress for the wrongful conduct alleged. Individual class members lack the financial resources to conduct a thorough examination of defendants' compensation practices to prosecute vigorously a lawsuit against defendants to recover such damages. Class litigation is superior because it will obviate the need for unduly duplicative litigation.

69. This action is properly maintainable as a class action on behalf of plaintiff, and other employees similarly situated, pursuant to FRCP Rule 23 and N.J.S.A 34:11-56a25.

## FACTUAL ALLEGATIONS

70. At all relevant times, Hani operated and managed Mangiamo.

71. At all relevant times, Sameh operated and managed Mangiamo.

72. Throughout his employment, plaintiff's primary duties were to prepare salads and food. His duties included slicing tomatoes, cutting lettuce, preparing other toppings for salads, and making salads.

73. At all relevant times, defendants recorded plaintiff's and other restaurant workers' hours of work first by having the workers orally notifying the managers when they arrived at the restaurant and when they were leaving the restaurant, which the managers recorded. Thereafter, in or about 2018, a Point of Sale (POS) electronic system was installed at Mangiamo, which recorded hours of work for each restaurant worker.

74. At all relevant times, plaintiff and other restaurant workers typically worked at least 74 hours per workweek.

75. At all relevant times, plaintiff and other restaurant workers generally worked six days per week with the following, or close to the following schedule: Sunday through Thursday,

10:00 a.m. to 10:00 p.m. and Friday through Saturday 10:00 a.m. to 11:00 p.m., with one day off per week.

76. Plaintiff and other restaurant workers did not receive any uninterrupted meal or rest breaks during the workday. Any food eaten was done so while working.

77. Plaintiff and other restaurant workers were paid on a weekly basis in cash and/or check.

78. The pay period at Mangiamo went from Monday to Sunday. Non-tipped restaurant workers were generally paid once a week on Tuesdays.

79. All of the restaurant workers, except for the pizza makers, were paid on a flat salary basis, regardless of the number of hours they worked in a week. Pizza makers were paid on an hourly basis the same hourly rate, regardless of the number of hours they worked in a work week.

80. Defendants failed to pay plaintiff and other restaurant workers overtime pay at one and one half (1 ½) times their hourly rate for hours worked in excess of 40 per workweek.

81. Examples of such weekly pay periods in 2018 include pay periods ending on March 5, May 21, June 18, August 27, and October 1, 2018.

82. Examples of such weekly pay periods in 2017 include pay periods ending on January 9, April 24, July 10, and October 16, 2017.

83. Examples of such weekly pay periods in 2016 include pay periods ending on January 11, April 25, July 11, and October 17, 2016.

84. In each of the identified pay periods above, plaintiff worked at least 74 hours.

85. Defendants did not provide the plaintiff or the other restaurant workers any written notification of the hours they worked or wages paid in a workweek.

86. Defendants have violated the recordkeeping requirements of the FLSA, 29 U.S.C. §211(c), N.J.S.A. 34:11-56a20 and N.J.A.C. 12:56-4.1 and 4.2

87. Defendants failed to post, in a conspicuous, unobstructed place, pursuant to N.J.S.A. 34:11-56a21, the "New Jersey State Wage and Hour Law Abstract," prescribed by the NJDOL, setting forth the state minimum wage and overtime requirements in English and Spanish.

88. Defendants failed to post in a conspicuous, unobstructed place, pursuant to 29 C.F.R. §516.4, a poster prescribed by the U.S. Department of Labor, Wage and Hour Division, setting forth federal minimum wage and overtime requirements in English and Spanish.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

89. Plaintiff and the FLSA Collective repeat and reallege all foregoing paragraphs as if fully set forth herein.

90. Defendants are required to pay plaintiff and the FLSA Collective one and one-half (1½) times the regular rate of pay for all hours they worked in excess of 40 in a workweek pursuant to the overtime wage provisions of the FLSA, 29 U.S.C. § 207, *et seq*.

91. Defendants have failed to pay plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA, even though plaintiff and the FLSA Collective have regularly worked more than 40 hours per workweek.

92. For example, plaintiff worked as a salad preparer at least 74 hours each and every workweek from on or about January 1, 2015 to on or about December 31, 2018.

93. For each of those workweeks, defendants failed to pay plaintiff overtime wages to which he was entitled under the FLSA.

94. Defendants were aware or should have been aware that the practices described in this Claim were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiff and the FLSA Collective.

95. Defendants' violations of the FLSA have been willful and, therefore, a three-year statute of limitations applies pursuant to the FLSA, 29 U.S.C. § 255(a).

96. As a result of defendants' willful violations of the FLSA, plaintiff and the FLSA Collective have suffered damages by being denied overtime pay in accordance with the FLSA and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New Jersey Wage and Hour Law – Unpaid Overtime)

97. Plaintiff and the New Jersey Class repeat and reallege all foregoing paragraphs as if fully set forth herein.

98. Under the NJWHL, defendants are required to pay plaintiff and the New Jersey Class one and one half (1 ½) times the regular rate of pay for all hours they worked in excess of 40 hours in a workweek.

99. Plaintiff and the New Jersey Class have regularly worked more than 40 hours per week.

100. Defendants have failed to pay plaintiff and the New Jersey Class members the overtime wages to which they are entitled under the NJWHL.

101. For example, plaintiff worked at least 74 hours each and every workweek from on or about January 1, 2015 to on or about December 31, 2018, as a salad preparer in the restaurant.

102. For each of those workweeks, defendants failed to pay plaintiff the overtime wages to which he was entitled under the NJWHL.

103. Defendants were aware or should have been aware that the practices described in this Claim were unlawful and did not made a good faith effort to comply with the NJWHL with respect to the compensation of plaintiff and the New Jersey Class.

104. Defendants have willfully violated the NJWHL by knowingly and intentionally failing to pay plaintiff and the New Jersey Class members overtime wages.

105. Due to defendants' violations of the NJWHL, plaintiff and the New Jersey Class members are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, pre- and post-judgment interest and any other compensation or remedy provided for by N.J.S.A. 34:11-56a25.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, the FLSA Collective, and the New Jersey Class respectfully request that this Court enter a judgment:

a. certifying the case as a collective action for the violations of the FLSA, as it pertains to the First Claim under the FLSA, 29 U.S.C. § 216(b), for the employees described herein and designating plaintiff's counsel as counsel for the FLSA Collective;

b. designating the named plaintiff as representative of the FLSA Collective;

c. certifying the case as a class action with respect to employees similarly situated, pursuant to N.J.S.A. 34:11-56a25 and FRCP Rule 23, as it pertains to the Second Claim for the employees described herein, certifying plaintiff as the class representative, and designating plaintiff's counsel as counsel for the New Jersey Class;

d. authorizing the issuance of notice at the earliest possible time to all restaurant workers who were employed by defendants during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into and participate in this lawsuit;

  e. declaring that defendants have violated the overtime provisions of the FLSA and NJWHL;

  f. declaring that defendants' violations of the FLSA were willful;

  g. awarding plaintiff, the FLSA Collective, and the New Jersey Class damages for overtime compensation under the FLSA and NJWHL;

  h. awarding plaintiff and the FLSA Collective liquidated damages under the FLSA;

  i. awarding plaintiff, the FLSA Collective, and the New Jersey Class pre- and post-judgment interest under the FLSA and NJWHL;

  j. awarding plaintiff and the New Jersey Class all damages provided for by N.J.S.A. 34:11-56a25;

  k. awarding plaintiff, the FLSA Collective, and the New Jersey Class reasonable attorneys' fees and costs pursuant to the FLSA and NJWHL; and

  l. awarding such other and further relief as the Court deems just and proper.

**LAW OFFICES OF MITCHELL SCHLEY, LLC**

By: *s/Mitchell Schley*
   Mitchell Schley
   197 Route 18, Suite 3000
   East Brunswick, NJ 08816
   (732) 325-0318
   mschley@schleylaw.com
   *Attorneys for Plaintiff and FLSA*
   *Collective and New Jersey Class*

Dated:  December 5, 2019